UNITED STATES of America,
Plaintiff—Appellee,

v.

Eddy Fritzner FLEURIVAL,
Defendant—Appellant.

No. 04–50070.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2005.*

Decided Oct. 24, 2005.

Jason Gonzalez, AUSA, Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

James H. Locklin, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Eddy Fritzner Fleurival ("Fleurival") appeals his sentence following his guilty

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

plea to one count of bank fraud in violation of 18 U.S.C. § 1344 and one count of possessing at least 15 unauthorized access devices in violation of 18 U.S.C. § 1029(a)(3). We have jurisdiction under 28 U.S.C. § 1291 and we remand.

The district court enhanced Fleurival's sentence after finding that he used 5 or more means of identification, there were more than 50 victims, and there was a loss of approximately $825,000. On appeal, for the first time, Fleurival argues that the district court violated his Sixth Amendment rights because the enhancements were based on facts that he never admitted and that were never proven to a jury. Accordingly, we review for plain error. *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).

Fleurival's sentence was imposed in the pre-*Booker* mandatory guidelines framework. Although Fleurival pled guilty to two instances of bank fraud, the sentencing enhancements were based on facts not admitted by Fleurival at his change of plea hearing, or proven to a jury. Therefore, the enhancements were improper and Fleurival's sentence violated the Sixth Amendment. *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

In *Ameline*, we held that "when we are faced with an unpreserved *Booker* error that may have affected a defendant's substantial rights, and the record is insufficiently clear to conduct a complete plain error analysis, a limited remand to the district court is appropriate for the purposes of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." *Ameline*, 409 F.3d at 1074. Because this case involves an unpreserved *Booker* error that directly affects Fleurival's substantive rights, and it is uncertain as to whether the court would have "imposed a materially different sentence" were it operating in the post-*Booker* advisory guideline framework, we remand so that the district court may answer that question. *Id.* Accordingly, we remand this case for further proceedings consistent with *Ameline*.

REMANDED.